IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STOURBRIDGE INVESTMENTS LLC, Derivatively on Behalf of Nominal Defendant THE WALT DISNEY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT A. CHAPEK, CHRISTINE M. MCCARTHY, KAREEM DANIEL, SUSAN E. ARNOLD, MARY T. BARRA, SAFRA A. CATZ, AMY L. CHANG, FRANCIS A. DESOUZA, MICHAEL B.G. FROMAN, ROBERT A. IGER, MARIA ELENA LAGOMASINO, CALVIN R. MCDONALD, MARK G. PARKER, and DERICA W. RICE,<br><br>Defendants,<br><br>and<br><br>THE WALT DISNEY COMPANY,<br><br>Nominal Defendant. | C.A. No.23-00920-CFC |

### STIPULATION AND [PROPOSED] ORDER TO STAY

**WHEREAS**, on August 23, 2023, Plaintiff Stourbridge Investments LLC filed a shareholder derivative action (the "Complaint") on behalf of Nominal Defendant The Walt Disney Company ("Disney" or the "Company") in this Court alleging, *inter alia*, violations of Sections 10(b), 14(a) and 20(a) and Rule 10b-5 of the Securities

1

Exchange Act of 1934 ("Exchange Act"), against Defendants Robert A. Chapek, Christine M. McCarthy, Kareem Daniel, Susan E. Arnold, Mary T. Barra, Safra A. Catz, Amy L. Chang, Francis A. DeSouza, Michael B.G. Froman, Robert A. Iger, Maria Elena Lagomasino, Calvin R. McDonald, Mark G. Parker and Derica W. Rice, (collectively, the "Individual Defendants", and together with Disney, "Defendants"), captioned *Stourbridge Investments LLC v. Chapek, et al.,* Case No. 1:23-cv-00920-CFC (the "Derivative Action");

   **WHEREAS**, an earlier-filed and factually-related securities putative class action is pending in the United States District Court for the Central District of California, captioned *Local 272 Labor-Management Pension Fund v. The Walt Disney Company, et al.,* Case No. 2:23-cv-03661-CBM-AS (the "Securities Action"), in which the plaintiff asserts federal securities claims against the Company and certain of its former officers;

   **WHEREAS**, there is substantial overlap between the facts and circumstances alleged in the Derivative Action and Securities Action;

   **WHEREAS**, counsel for Plaintiff and Defendants in the Derivative Action (the "Parties") have met and conferred concerning the most efficient manner in which to litigate the claims and agree that the manner in which the Securities Action proceeds may help inform the manner in which the Derivative Action proceeds;

   **WHEREAS**, in an effort to proceed in the most efficient manner, the Parties agree that it would save judicial and party resources to (i) temporarily stay the

Derivative Action in its entirety (including all discovery) until the Court issues a ruling denying any motions to dismiss in the Securities Action in whole or in part, and (ii) adjourn the deadline for all Defendants to move, answer or otherwise respond to any complaint(s) in the Derivative Action; and

**WHEREAS**, no prior stipulation or request for an extension has been filed;

**NOW THEREFORE**, the Parties hereby agree, stipulate and respectfully request that the Court enter an order as follows:

1. The undersigned counsel for Defendants agree to and hereby accept service of process in the Derivative Action without waiver of any rights, claims or defenses, including those related to personal jurisdiction, venue and forum, to the extent any of them have not already been served.

2. The Derivative Action is stayed in its entirety (including all discovery) until the Court issues a ruling denying any motions to dismiss in the Securities Action in whole or in part.  Defendants' deadline to move, answer or otherwise respond to any complaint(s) filed in the Derivative Action is hereby vacated.

3. Any of the Parties to this Stipulation may request that the Court lift the stay upon good cause shown by giving the other party thirty (30) days' notice in writing that they believe that good cause exists to lift the stay and thereafter bringing the matter to the Court's attention and requesting that the stay be lifted.  The Parties reserve all rights to oppose such a request to lift the stay.

4. The Parties shall meet and confer and file a proposed schedule within fourteen (14) days after the issuance of a ruling denying any motion to dismiss in the Securities Action.

5. During the stay, Plaintiff may file an amended complaint, but Defendants need not answer, move, or otherwise respond thereto during the pendency of the stay.

| BIELLI & KLAUDER, LLC | RICHARDS, LAYTON & FINGER P.A. |
|---|---|
| __/s/ Ryan M. Ernest_____ | __/s/ Rudolf Koch_____ |
| Ryan M. Ernest (#4788) | Rudolf Koch (#4947) |
| 1204 N. King Street | Tyler E. Cragg (#6398) |
| Wilmington, Delaware 19801 | 920 North King Street |
| (302) 803-4600 | Wilmington, Delaware 19801 |
| rernst@bk-legal.com | (302) 651-7721 |
| | koch@rlf.com |
| Joshua M. Lifshitz | cragg@rlf.com |
| LIFSHITZ LAW PLLC | |
| 1190 Broadway | CRAVATH, SWAINE & MOORE LLP |
| Hewlett, New York 11557 | J. Wesley Earnhardt (*pro hac vice forthcoming*) |
| (516) 493-9780 | Helam Gebremariam (*pro hac vice forthcoming*) |
| | Worldwide Plaza |
| *Counsel for Plaintiff* | 825 Eighth Avenue |
| | New York, New York 10019 |
| | (212) 474-1059 |
| | wearnhardt@cravath.com |
| | hgebremariam@cravath.com |
| | |
| | *Attorneys for Defendants* |

Dated: October 13, 2023

SO ORDERED this ___ day of _____, 2023.

                                                                                _____
                                                                                Chief United States District Judge